IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PRO SE CIVIL COMPLAINT

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

10 OCT 12 AM 11: 44

OFFICE OF THE CLERK

Case No. 8:10CV386

(the court will assign a number)

I. **CASE CAPTION:** Parties to this Civil Action:

Pursuant to Fed. R. Civ. P. 10(a), the names of **all** parties must appear in the case caption.
The court will **not** consider a claim against any defendant who is not listed in the caption.

A. Plaintiff(s) Name(s):     Address(es):     Telephone No. (only if **you are NOT** a prisoner)

Johnson Janet R.    11132 Hilltop Ave    (402) 933-9383

Omaha NE 68164

B. Defendant(s) Name(s):     Address(es) If known:

Potter John E.

Postmaster General

(Attach extra sheets if necessary.)

## II. STATEMENT OF CLAIM(S)

State briefly the facts of your claim. Describe how each defendant is involved. You do not need to give legal arguments or cite cases or statutes. Use as much space as you need to state the facts. (Attach extra sheets if necessary.)

A. **When** did the events occur?

Events occured on 5/29/2008 and 5/30/2008

B. **What** happened?

On 5/29/2008 Janet Johnson was working at Papillion Station. When she bent over to pick up a tray of mail from the floor she did so with difficulty. Rolanda Berry had observed this and called her into her office. During the discussion that followed Janet Johnson told Rolanda Berry that she had disabilities and specifically a back disability. She also requested time off to get treatment for this back disability. Rolanda Berry refused Janet Johnson's request. After knowledge of Janet Johnson's back disability, Rolanda Berry made no attempts to make any reasonable accommodations for Janet Johnson.

## II. STATEMENT OF CLAIM(S) (continued)

On 5/30/2008 Janet Johnson was involved in a minor vehicle accident. She bumped a mail box. On 6/6/2008 she received a letter of separation from Rolanda Berry.

(1) Rolanda Berry had several discipline choices available to her (a) counseling (b) letter of warning (c) suspension (d) termination. She chose the most severe discipline, termination.

(2) The accident was improperly investigated by Rolanda Berry:
(a) The accident report claimed that there was $20.00 in damage to the mail box. This was a false statement. The owners denied this claim.
(b) The group of mail boxes weren't properly aligned according to Postal regulations. Route inspections require managers to correct this deficiency. This was what created the unsafe delivery to these boxes.
(c) Janet Johnson had inadequate training from Pat Wheelan. She had been denied the opportunity to drive the vehicle up to this incident.
(d) Janet Johnson had been advised by her Dr., Dr Gold, to wear a back brace for her back disability. Rolanda Berry was aware that she was wearing a back brace on the day of the accident. The brace limited her reach to the mail boxes. This required her to pull the vehicle closer to the mail box thus bumping the next box. You must attempt delivery of the mail.

## III. STATEMENT OF JURISDICTION

Check any of the following that apply to this case (you may check more than one):

✓ United States or a federal official or agency is a party

\_\_\_\_\_ Claim arises under the Constitution, laws or treaties of the United States

\_\_\_\_\_ Violation of civil rights

✓ Employment discrimination

\_\_\_\_\_ Diversity of Citizenship (a matter between citizens of different states in which the amount in controversy exceeds $75,000)

\_\_\_\_\_ Other basis for jurisdiction in federal court (explain below)

## IV. STATEMENT OF VENUE

State briefly the connection between this case and Nebraska. For example, does a party reside or do business in Nebraska? Is a party incorporated in Nebraska? Did an injury occur in Nebraska? Did the claim arise in Nebraska?

*The disability discrimination occured in Papillion Nebraska at the Papillion Postal Station.*

## V. RELIEF

State briefly what you want the court to do for you.

> The plantiff is requesting compensatory damages of 60,000 and 5,000 for pain and suffering

## VI. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

Some claims, but not all, require exhaustion of administrative procedures. Answer the questions below to the best of your ability.

A. Have the claims which you make in this civil action been presented through any type of administrative procedure within any state or federal government agency?

Yes ✓       No ___

B. If you answered yes, state the date your claims were so presented, how they were presented, and the result of that procedure:

> A formal complaint was filed with the EEOC at the St Louis District Office on 7/13, 2008. On 8/3/2010 the Complaintant withdrew her complaint. The Plaintiff believes that the court was biased against her due to statements made by the Judge.

C. If you answered no, give the reasons, if applicable, why the claims made in this action have not been presented through administrative procedures:

VII.   ARE YOU REQUESTING TRIAL BY A JURY OR BY A JUDGE? (check one):

JURY ___✓___          JUDGE _____

VIII.  VERIFICATION

I (we) declare under penalty of perjury that the foregoing is true and correct.

Date(s) Executed:          Signature(s) of Plaintiff(s):

10-10-2010                 Mrs. Janet R. Johnson

Note:

IF YOU CANNOT AFFORD TO PAY THE COURT'S FILING FEE UPON THE FILING OF YOUR COMPLAINT, THERE IS A SEPARATE FORM TO BE USED FOR APPLYING TO PROCEED IN FORMA PAUPERIS. Also, if there is more than one plaintiff in the case who wishes to proceed in forma pauperis, **each such plaintiff must submit a separate application to proceed in forma pauperis.**

Page 6 of 6