IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANET R. JOHNSON, | ) | 8:10CV386 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Filing No. 14.) As set forth below, treated as a Motion for Summary Judgment, the Motion is granted and this matter is dismissed without prejudice.

## I.   BACKGROUND

Plaintiff Janet R. Johnson ("Johnson") filed her Complaint against Defendant Patrick R. Donahoe[1] ("Donahoe") on October 12, 2010. (Filing No. 1.) Summarized, Johnson alleges that Defendant discriminated against her because she is disabled in violation of Section 504 of the Rehabilitation Act. (*Id.*)[2] Donahoe filed his Motion on February 9, 2011, requesting dismissal, or alternatively, summary judgment in his

---

[1]Johnson originally filed her Complaint against John E. Potter ("Potter"). (Filing No. 1.) However, Potter filed a Notice of Substitution on February 9, 2011, noting that Donahoe replaced him as Postmaster General. (Filing No. 13.) The court thereafter updated its records, and Donahoe is the proper Defendant in this matter.

[2]The parties agree that Johnson's claims are brought only under the Rehabilitation Act and that she cannot, and does not, assert claims under the Americans with Disabilities Act or under the Civil Service Reform Act. (Filing No. 21 at CM/ECF pp. 1,7; Filing No. 22 at CM/ECF p. 1.)

favor.  (Filing No. 14.)  Upon review of the Motion, the court informed the parties that it intended "to treat the Motion as a Motion for Summary Judgment.  As such, the court will consider documents outside of the pleadings submitted by Defendant, and will permit Plaintiff an additional opportunity to 'present all the material that is pertinent to the motion' in accordance with the Federal Rules of Civil Procedure." (Filing No. 18.)  Thus, for purposes of this Memorandum and Order, the court refers to the pending Motion to Dismiss as a Motion for Summary Judgment.

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law."  NECivR 56.1(a)(1).  If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts."  NECivR 56.1(b)(1).  Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition.  *Id.*  "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response."  *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Both parties submitted a statement of material facts in accordance with the court's Local Rules.  Further, Donahoe submitted evidence which was properly authenticated by affidavit.  Indeed, on February 9, 2011, Donahoe filed its Motion for Summary Judgment (filing no. 14), along with a Brief (filing no. 16) and an Index of Evidence (filing no. 15) in support of the Motion.  After an extension of time, Johnson filed a Brief in Opposition to the Motion.  (Filing No. 21.)  Donahoe filed his Reply Brief on August 24, 2011.  This matter is deemed fully submitted and the relevant undisputed material facts are adopted below.

2

## II.  RELEVANT UNDISPUTED MATERIAL FACTS

1.    Johnson is a resident of Omaha, Nebraska.

2.    Donohoe is Postmaster General and is the agency head of the United States Postal Service ("USPS"), an agency of the United States government.

3.    At the time of the events alleged in the Complaint, Johnson was a probationary employee of the USPS in the Papillion-La Vista Branch Office, Nebraska.

4.    The USPS hired Johnson as a Rural Carrier Associate in May, 2008.  As a new employee, Johnson was on probation for 90 working days from her date of hire.

5.    After initial training by the USPS, Johnson began work at the Papillion-La Vista Branch Office of the USPS.

6.    On or about May 29, 2008, Johnson met with Papillion-La Vista Station Manager Rolanda Berry ("Berry") for the first time.

7.    On or about May 30, 2008, Johnson had a motor vehicle accident.  While driving a USPS vehicle, Johnson struck a customer's mailbox with the side mirror of the USPS vehicle.

8.    After investigating the May 30, 2008, accident, and on or about June 5, 2008, Berry sent a "Notice of Separation While in Probation" to Johnson.  This letter states that the USPS discharged Johnson from the USPS for unacceptable performance based on her May 30, 2008, accident which occurred while she was on probation.

3

9.    On July 13, 2008, Johnson filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") at the St. Louis District Office. Johnson alleged discrimination based on disability.

10.   On October 21, 2008, USPS completed its investigation of Johnson's formal complaint of discrimination, and sent her a letter entitled "Transmittal of Investigative File." The USPS advised Johnson in this letter that she could request a hearing before an Administrative Judge appointed by the EEOC, or request a final agency decision on the merits of her complaint without a hearing. This letter also advised Johnson that if she did not wish to pursue the complaint any further, she should sign and date a withdrawal of claim form, PS Form 2564-C.

11.   On November 17, 2008, the USPS received Johnson's request for a hearing before an EEOC Administrative Judge, as opposed to a request for a final agency decision without a hearing.

12.   On August 3, 2010, Johnson formally withdrew her EEOC complaint. In doing so, Johnson signed the PS Form 2564-C to withdraw her formal EEOC complaint of discrimination in its entirety.

13.   On August 3, 2010, EEOC Administrative Judge Andrea M. Niehoff issued an order of dismissal of Johnson's EEOC case, pursuant to her request to withdraw her complaint.

14.   Due to Johnson's withdrawal of her EEOC complaint, the USPS did not issue a final agency decision or otherwise address the merits of Plaintiff's claim.

15.   Plaintiff filed this lawsuit in District Court on October 12, 2010.

4

(Filing Nos. 15, 16, and 21.)

### III.   ANALYSIS

#### A.   Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

#### B.   Exhaustion of Administrative Remedies

Liberally construed, Johnson's claim is brought pursuant to Section 504 of the Rehabilitation Act. Donohoe argues that Johnson's claim must be dismissed because

she failed to first exhaust her administrative remedies prior to filing this matter.  As set forth below, the court agrees with Donohoe and summary judgment is granted in favor of Donohoe.

    *1.    Applicable Law*

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).  However, prior to bringing a disability discrimination claim under Section 504, a plaintiff must first exhaust her administrative remedies.  *Morgan v. U.S. Postal Serv.*, 798 F.2d 1162, 1165 (8th Cir. 1986).  As set forth by the Eighth Circuit:

> The underlying principle of this doctrine (exhaustion of administrative remedies), as expressed in *United States v. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37, (1952), is that "(s)imple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only erred but has erred against objection made at the time appropriate under its practice."

*Jordan v. United States*, 522 F.2d 1128, 1132 (8th Cir. 1975).  Put simply, "[e]xhaustion means just that.  It is not enough that plaintiff takes an initial step or steps and then abandons the process . . . ." *Id.*

Although the Eighth Circuit has not specifically addressed the issue, other courts have held that an employee who withdraws her administrative complaint prior to completion of the administrative process has abandoned her claims and has therefore failed to exhaust her administrative remedies.  *See Laughter v. Gallup*

*Indian Med. Ctr.*, 425 F. App'x 683, 685-87 (10th Cir. 2011) (finding that the withdrawal of a complaint constituted a failure to exhaust and that the withdrawal "before the agency could act on it . . . precluded [the plaintiff] from filing suit in federal court based on that complaint"); *Bowers v. Nicholson*, 271 F. App'x 446, 448-49 (5th Cir. 2008) (affirming dismissal for failure to exhaust administrative remedies where the plaintiff voluntarily withdrew his claims before the EEOC issued a decision); *Khader v. Aspin*, 1 F.3d 968, 970-71 (10th Cir. 1993) (holding that a plaintiff may not "abandon[] his or her claim before the agency has reached a determination" and file suit in federal court because such action constitutes a failure to exhaust); *Smeltzer v. Potter*, No. 3:10-CV-00178, 2010 WL 4818542, *2-3 (W.D.N.C. Nov. 22, 2010) (same); *Lee v. Potter*, No. 3:08cv344, 2010 WL 546366, *3-4 (S.D. Ohio Feb. 10, 2010) (same); *Gagnon v. Potter*, No. 3:05-CV-324RM, 2006 WL 2051730, *2-5 (N.D. Ind. July 19, 2006) (same); *Wiley v. Johnson*, 436 F. Supp. 2d 91, 93-96 (D.D.C. 2006) (stating that "[a] voluntary dismissal cannot be used to circumvent the requirement of exhaustion" and finding that, because the plaintiff dismissed his agency complaint prior to receiving a right to sue letter or a final agency decision, he failed to exhaust his administrative remedies).

The situation faced by the court in *Smeltzer* is nearly-identical to Johnson's. In *Smeltzer*, the plaintiff requested an administrative hearing regarding his claim of discrimination against the Postmaster General of the United States. *Smeltzer*, 2010 WL 4818542 at *1. Before a hearing could be held, rather than submit requested information, the plaintiff withdrew his EEOC agency complaint and filed suit in federal district court. *Id.* at *1-2. Citing *Lee*, *Khader*, and other cases, the North Carolina District Court determined that, by withdrawing his EEOC complaint, the plaintiff "effectively abandoned his EEO claim" and, as such, failed to exhaust his administrative remedies. *Id.* at *3.

    2.    *Johnson's Claims*

Here, the record is undisputed that Johnson filed a formal "EEO Complaint of

7

Discrimination in the Postal Service" on July 13, 2008. (Filing No. 15-2, Attach. 2, at CM/ECF p. 5.) After completion of its investigation, the USPS informed Johnson that she could either (1) request a hearing before an Administrative Judge; or (2) request a final agency decision without a hearing. (*Id.* at CM/ECF p. 6.) Johnson requested a hearing on November 14, 2008. (*Id.* at CM/ECF p. 8.) However, before the EEOC scheduled the hearing, on August 3, 2010, Johnson submitted a "Withdrawal of Complaint of Discrimination" ("Withdrawal"). (*Id.* at CM/ECF p. 9.) The Withdrawal stated "I, Janet R Johnson do hereby voluntarily withdraw my formal EEO complaint in its entirety." (*Id.*) Further, by signing the Withdrawal, Johnson acknowledged that she understood that withdrawal of her complaint waived her "rights to any further appeal of [her] allegations through the EEO Process." (*Id.*) Pursuant to the Withdrawal, the EEOC dismissed Johnson's EEOC complaint. (*Id.* at CM/ECF p. 10.) In short, Plaintiff voluntarily withdrew her EEOC complaint, thus abandoning her claim before that agency.

Plaintiff argues that she permitted her claim to proceed for 180 days prior to withdrawing it, and she therefore exhausted her administrative remedies under 29 C.F.R. § 1614.407. While that section states that a plaintiff may file a claim "in an appropriate United States District Court . . . [a]fter 180 days from the date of filing an individual . . . complaint if an appeal has not been filed and final action has not been taken," it does not discuss the effect of a complete withdrawal of a complaint prior to filing suit. However, at least one court has held that 29 C.F.R § 1614.407 does "not provide a means" to file a claim in federal district court where the plaintiff "withdrew his individual complaint of discrimination prior to receiving final agency decision." *Lee*, 2010 WL 546366 at *4. In addition, courts in nearly-identical situations have not permitted plaintiffs to resurrect their previously-abandoned claims in federal court based on the simple fact that 180 days had passed prior to abandonment. *See Khader*, 1 F.3d at 969-71 (dismissing for failure to exhaust after abandonment of EEOC agency claim even though 221 days passed between filing and abandonment of claims); *Smeltzer*, 2010 WL 4818542 at *1 (dismissing for failure to exhaust even though more than 200 days passed between filing and withdrawal, or

abandonment, of claims); *Wiley*, 436 F. Supp. 2d at 93 (dismissing for failure to exhaust even though more than 600 days passed between filing and withdrawal, or abandonment, of claims). Thus, Johnson's argument regarding the timeframe set forth in 29 C.F.R. § 1614.407 is unavailing.

Johnson also cites several cases in which courts determined that the withdrawal of a request for a hearing before the EEOC was not deemed to be a failure to exhaust administrative remedies, and therefore did not preclude filing a case in federal court. *See Augustus v. Locke*, 699 F. Supp. 2d 65, 69 (D.D.C. 2010); *Laudadio v. Johanns*, 677 F. Supp. 2d 590, 602 (E.D.N.Y. 2010); *Brown v. Tomlinson*, 462 F. Supp. 2d 16 (D.D.C. 2006). However, these cases are distinguishable from Johnson's because Johnson withdrew her *entire* complaint, not simply her request for hearing. Likewise, the other cases cited by Johnson are distinguishable because the plaintiff either did not withdraw his claim or received a final agency decision before filing suit. *See Payne v. Locke*, 766 F. Supp. 2d 245, 251 (D.D.C. 2011) (finding that the plaintiff had exhausted his administrative remedies where he withdrew his request for a hearing and instead requested, and received, a final agency decision); *Abdelkarim v. Tomlinson*, 605 F. Supp. 2d 116, 120 (D.D.C. 2006) (finding that the plaintiff had exhausted administrative remedies where he requested and received a final agency decision); *Wilson v. Pena*, 79 F.3d 154, 166-67 (D.D.C. 1996) (finding that the plaintiff had exhausted administrative remedies where agency failed to take action and the plaintiff had not withdrawn his administrative complaint).[3] Johnson has not cited any cases in which a plaintiff withdrew her entire complaint from agency consideration and then later attempted to resurrect that claim by filing a case in federal court.

---

[3]The court recognizes that nearly every case cited by Johnson originated from the District of Columbia District Court, and that there is an intra-district disagreement regarding whether the withdrawal of a request for hearing impacts the exhaustion of remedies. *See Augustus*, 699 F. Supp. 2d at 70 (noting that "at least two judges in this district have held that voluntary dismissal of a request for an administrative hearing precludes a plaintiff from filing suit in federal district court").

In light of this, the court finds that Plaintiff failed to exhaust her administrative remedies when she withdrew, and therefore abandoned, her claims before the EEOC. As such, Defendant's Motion for Summary Judgment is granted, and Plaintiff's claims are dismissed without prejudice.[4]

IT IS THEREFORE ORDERED that:

1.      Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, treated as a Motion for Summary Judgment (filing no. 14) is granted.  Plaintiff's Complaint is dismissed without prejudice.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

3.      Defendant's Motion to Stay Discovery (filing no. 17) is denied as moot.

DATED this 22nd day of September, 2011.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Chief United States District Judge

_____

[4]Without making any determination regarding whether it is possible, the court will dismiss Johnson's claims without prejudice so as not to preclude any further attempt to exhaust her administrative remedies.

_____

      *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.